UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDEEP SAGWAL,
A-246-774-584

Petitioner,

v.

CHRISTOPHER CHESTNUT, et. al.,

Respondents.

No. 1:26-cv-02737-DAD-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

The District Judge summarized the facts as follows: "petitioner entered the United States on or about 4/12/2023, was released into the country on his own recognizance on 4/15/2023, and was re-detained without prior notice, an explanation, or a hearing before being taken back into custody." ECF No. 8. Petitioner states he filed for asylum and is the parent of a United States Citizen. See ECF No. 1, pg. 2. Petitioner asserts he was denied due process when he was re-detained on April 7, 2026, without notice or a pre-deprivation bond hearing. See id. The District Judge ordered Respondents to show cause why the Court should not grant the motion for temporary restraining order and specifically directed Respondents to address whether there were

any factual or legal issues in this case that rendered it distinguishable from the Court's prior orders in Ayala Cajina v. Wofford, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by the court. See ECF No. 4.

Respondents filed a joint opposition to injunctive relief and response to the petition. See ECF No. 6. On April 15, 2026, the Court found "Petitioner's detention violates due process," converted the motion for temporary restraining order into a motion for preliminary injunction and granted the motion. ECF No. 8. The Court ordered:

> (1) Respondents are ORDERED to immediately release petitioner Sandeep Sagwal, A-File No. 246-774-584, from respondents' custody;
>
> (2) Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence. Under the circumstances of the case, petitioner will not be required to post bond pursuant to Federal Rule of Civil Procedure 65(c). The Clerk of the Court is directed to serve the California City Corrections Center with a copy of this order.
>
> Id.

The matter was referred to the undersigned for further proceedings. The Court directed Respondents to inform the Court whether they sought additional briefing. See ECF No. 9. Respondents submitted the matter on its prior briefing. See ECF No. 11.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 8, and in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866 (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026), that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED and the preliminary injunction, ECF No. 8, be made permanent.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 3 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 2, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE